# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 19-cr-10459-RWZ |
| 10. FRUTOSO BARROS aka King Fruity, | ) |
| | ) |
| 15. ALEXIS PEGUERO aka: King Lexi, | ) |
| King Looney, and | ) |
| | ) |
| 30. MICHAEL COTTO aka: King Gordo, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## TEMPORARY PROTECTIVE ORDER

Upon review of the Joint Motion for Temporary Protective Order filed by the United States and the above captioned defendants in this matter, and while the parties continue to litigate the terms of a subsequent protective order, the Court issues the following Temporary Protective Order governing discovery disclosures by the government. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

a. This Temporary Protective Order shall, for its term, defined below, govern all "Discovery Materials" produced by the government in this case from this day forward. This Temporary Protective Order does not apply to any reciprocal discovery provided by the defense (subject to a further showing that reciprocal discovery also raises safety or security concerns requiring a Protective Order).

b. This Temporary Protective Order shall remain effective until such time as a subsequent Protective Order is issued by this Court pursuant to the discussions ongoing between the parties as requested by the Court in its February 12, 2020 Order [D. 508], or, until such time as the Court declines to issue any Protective Order.

c. Upon the entry of a subsequent Protective Order, or, at such time as the Court declines to issue any Protective Order, the Temporary Protective Order shall lapse, and all materials produced pursuant to this Temporary Protective Order shall be governed by the terms of any subsequent Protective Order, or, should the Court so decide, no order at all.

d. The term "Discovery Materials" shall be given a broad interpretation and shall include any materials produced by the government pursuant to either the Federal Rules or the Local Rules, or any discovery otherwise produced on a voluntary basis.

e.     The term "Defense Team" shall be limited to, and shall include only, counsel who have agreed to be bound by this Temporary Protective Order and their partners, associates, counsel, support staff, investigators, experts, and other individuals retained by them, and shall exclude counsel of record for any other named defendants and their respective partners, associates, counsel, support staff, investigators, experts, and other individuals retained by them.

f.     The Defense Team shall maintain Discovery Materials in accordance with this Agreement and Discovery Materials shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal.

g.     Discovery Materials shall be accessed, reviewed, and/or copied only by members of the Defense Team. Each defense counsel shall maintain a signed copy of this Order and the Agreement in his or her files, as well as a copy of each Agreement signed by each member of the Defense Team with whom defense counsel has shared Discovery Materials.

h.     The Defense Team shall not provide or distribute any copies of any Discovery Materials to defendants. The defendants in this case are permitted to review Discovery Materials in the presence of a Defense Team member who has signed the Agreement and has agreed to be bound by this Protective Order. In no circumstances shall any member of the Defense Team leave any printed Discovery Materials with the defendant, even for a limited period, absent Order of this Court.

i.     The Defense Team shall not file any Discovery Materials on the public court docket. The Discovery Materials shall be considered "Confidential Information" as that term is used in *Standing Order Re: Filing of Confidential Documents*, issued by Judge Zobel on October 13, 2017. The Defense Team shall handle the filing of the Discovery Materials consistent with the terms set forth in the *Standing Order Re: Filing of Confidential Documents*, issued by Judge Zobel on October 13, 2017.

j.     Defendants are not permitted to maintain any Discovery Materials, copies of Discovery Materials, translations of Discovery Materials, or summaries of Discovery Materials, absent Order of this Court.

k.     For any incarcerated individuals who are bound by this order, given the limitation on defendants to maintain copies of any Discovery Materials, the government shall provide Discovery Materials to the institutions in which defendants are being detained so that defendants who are bound by this order have the ability to review discovery on an institution computer. Defendants who are bound by this order may individually review Discovery Materials, outside the presence of any Defense Team member, on an institution computer subject to the rules and regulations of the various institutions.

l. Notwithstanding the prior paragraph, the government shall not be compelled to provide materials to institutions that are generally prohibited by correctional institutions or are otherwise highly sensitive. For example, the government need not provide the institutions with copies of phone extractions (which often contain personal and sensitive photographs), photographs of the victim, autopsy reports and photographs, or crime scene photographs. Such materials shall be produced solely to the Defense Team.

m. Defendants who are bound by this order are not permitted to print, disseminate, copy, or maintain the Discovery Materials provided to the various institutions except in the limited circumstances described herein. To the extent allowed by the rules and regulations of the various institutions, defendants reviewing Discovery Materials on an institution computer shall be permitted to take notes of Discovery Materials for the limited purpose of consulting with their Defense Team and/or preparing their defense. However, any distribution, copying, or mailing of notes of Discovery Materials to individuals outside the Defense Team shall be viewed as a violation of this Protective Order (and, depending on the nature and circumstances of the violation, may constitute obstruction of justice).

n. The government shall have the option of watermarking Discovery Materials that are produced to the Defense Team or produced to the institutions. The government shall make reasonable efforts to ensure that the watermarking does not interfere with the use of Discovery Materials by the Defense Team. For example, photographs should generally not be watermarked.

o. The prohibition against defendants receiving paper copies of any Discovery Materials extends to Spanish translations, still images, transcripts or substantive summaries of any Discovery Materials. If a Defense Team wishes to have defense materials (e.g., Spanish translations of Discovery Material, attorney work product) also made available on institution computers, the Defense Team shall coordinate with Michael Andrews (the Case Budgeting Attorney) or his designee to coordinate the delivery and upload of such materials at the institutions. Such defense materials shall be uploaded subject to the same protections and protocols as the Discovery Materials produced by the government to the institutions (e.g., defendants shall not be allowed to print, copy, or email such materials at the facilities).

p. Attorneys of record shall be responsible for ensuring that any derivative materials, such as still images from recordings and transcripts generated by the defense are given the same level of protection as the original productions of Discovery Materials. Thus, for example, if a Defense Team that creates a transcript of a recording provided in the Discovery Materials, the Defense Team shall handle the transcript consistent with the terms of the Protective Order.

q. The Defense Team shall not provide Discovery Materials to unindicted co-conspirators or their agents. Nothing in this provision limits the ability of a Defense Team to petition the Court (via an *ex parte* motion or otherwise) for relief from this

      provision on the grounds that sharing Discovery Materials with an unindicted co-conspirator is necessary for the preparation of a defense or otherwise in the interests of justice. If such relief is granted, unless otherwise ordered, unindicted co-conspirators and their agents with whom Discovery Materials are shared shall be subject to the terms of this Protective Order and the attached Agreement.

r.      Nothing in this Protective Order limits the ability of the government to produce Discovery Materials to others as part of ongoing investigations or prosecutions.

s.      The parties understand that the government may make voluntary disclosures broader than those required by the discovery rules, including voluntary productions of discovery material previously produced in earlier prosecutions of Latin Kings members. To the extent that reproductions of any prior discovery contain different confidentiality markings based on a different protective order entered in any prior cases, such markings shall not affect the protections afforded to Discovery Materials produced in this case. All Discovery Materials produced to defendants in this case, including voluntary reproductions of discovery from any prior cases, shall be subject to the terms of this Protective Order and the attached Agreement.

t.      In accordance with the *Standing Order Re: Filing of Confidential Documents*, issued by Judge Zobel on October 13, 2017, the following shall govern the process for the Filing of Confidential Documents:

*If a recipient of Confidential information (the "Receiving Party") seeks to file documents designed as Confidential Information or which contain information so designated, it shall provide at least 48 hours notice of its intention to do so to the party that designated that information as Confidential information (the "Designating Party"). This Notice shall detail precisely which documents the Receiving Party seeks to file. The Receiving Party and Designating Party shall then meet and confer, within the next 24 hours, to discuss whether the Receiving Party objects to the public filing of each document, and, if it does, whether a compromise can be reached filing only excerpts of the document or filing a redacted version of the document). This shall be a substantive, not pro forma, meet and confer, and counsel with substantial decision-making authority for both parties shall be present. If any disputes remain after this meet and confer, the Receiving Party shall file any documents for which there is no dispute publicly, along with redacted copies of documents for which there is a dispute. The Receiving Party shall also contemporaneously file a joint motion for leave to file under seal only the documents for which a dispute remains. For each such document, the motion shall describe (1) the general nature of the Confidential Information, (2) why the Confidential Information is necessary to the filing, (3) why the Receiving Party objects to public disclosure of Confidential Information (specifically addressing the standard for sealing), (4) which counsel were present at the meet and confer, and (5) what compromises were discussed in the meet and confer. The Receiving Party shall also lodge with the court a CD containing electronic copies of unredacted versions of the documents no later than 12:00 P.M. (Boston time) on the business*

*day following the filing of the motion for leave to file under seal. The unredacted versions must indicate, by highlighting or other clear method, the portions of the documents that have been omitted from the redacted versions, and prominently display the notation UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED. The parties shall not file paper copies of unredacted versions until a motion for leave to file under seal is allowed. If the court denies a motion for leave to file a document under seal, the Receiving Party may immediately file it in the public record without contravening this Protective Order.*

*The court will not allow a motion for leave to file a sealing motion under seal.*

u. Violation of this Protective Order shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case.

So Ordered,

_____
HON. MARIANNE B. BOWLER
United States Magistrate Judge

Dated: _____, 2020

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 19-cr-10459-RWZ |
| 10. FRUTOSO BARROS aka King Fruity, ) | |
| ) | |
| 15. ALEXIS PEGUERO aka: King Lexi, ) | |
| King Looney, and ) | |
| ) | |
| 30. MICHAEL COTTO aka: King Gordo, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AGREEMENT TO TERMS OF TEMPORARARY PROTECTIVE ORDER

I acknowledge and agree that I have reviewed the Temporary Protective Order, and I agree that I am bound by the all terms of the Temporary Protective Order, until such time as the Court signs a subsequent protective order, at which point the terms of that protective order will supersede this agreement, or until the court declines to issue a protective order, subject to sanction of Court.

Signature: _____

Printed Name: _____

Member of Defense Team
for Defendant: _____

Dated: _____